Cjíbr, J- '
The judgment in the first of these cases, Lang- * , • mi i i jy ford s executor against Perrin, is erroneous. J he debt tor which Langford was bound as surety, was discharged by the levy of the execution sued out for that debt on the property of the principal debtor Samuel Perrin, and the forthcoming bond taken under that execution. Langford was no party to that proceeding; and if we were to hold that he was not discharged, we should put this surety in a strange situation: he was willing to go a certain length; but we should say he shall go all lengths. Suppose that after executing the original bond, he had become aware of his danger, and given notice to the creditor to sue; and when judgment was obtained, he had taken the sheriff along with the execution, shewed’him ample property of the principal debtor, and told him, “ levy the execution; I clear my skirts of this business; proceed strictly; sell the property, and make the money.” But another friend of the debtor comes, and says, “ i will be surety for the forthcoming of the property; let the debtor have it.” The surety tells him, “ Mark, if you do this, it is at your own hazard; I wash my hands of it; J am now clear, and determined to keep so.” Should we suffer this interloper to come upon the surety afterwards, and say, “ I have paid this execution ; you were once bound for it, and must therefore contribute.”. Surely not.
Then, as to the other case, Perrins v. Ragland—If we look at it with the strict eye of a common lawyer, deciding-on the deed of the parties, in the summary proceeding by motion, there would seem to be but little ground for doubt. Ragland, has paid off an execution issued against himself egid three others, and now moves to recover the whole sum paid, of the other three as money paid by him on an execution issued on a forthcoming bond executed by them as principals, and by him as their surety. When we look at the forthcoming bond, it recites that an execution had been levied on two slaves the property of Samuel Perrin, and that he being desirous of keeping the same in his possession tij£ the day of sale, had tendered the above bound Park Pe£ rin, Henry Perrin, and Ragland, as sureties for the forth *556 coming and delivery thereof &c. And this is signed and sealed by Ragland as well as the rest. Is he not estopped, in this common law, summary proceeding, from contradicting his deed ? But suppose not, are not Park and. Henry perrin, in fact and in law, sureties to this forthcoming bond? I think so. It is true, they were principals in the original judgment and execution: but that execution was levied on the property of Samuel Perrin, the true debtor: that levy discharged the execution, at least, until the property was legally disposed of; if sold, the debt was paid; if a forthcoming bond was taken, the execution was satisfied, unless it was quashed. To this forthcoming bond, I do not conceive that Park and Henry Perrin were necessary parties. It was given merely for the forthcoming and delivery of the property taken; that property was not theirs; and any sufficient surety for delivery of it was enough. Not being bound to enter into that bond, they might have either refused wholly, or decided to enter merely as sureties for the delivery of the property. And, assuredly, on this motion, they could only be liable in the character they assumed; that is, as co-sureties with this plaintiff.
Cabell and Brooke, J. concurred.
Tucker, P.
I concur in the opinion that the judgments in both cases are erroneous.
I. As to Langford’s executor v. Perrin. By the levy of the execution on the property of the principal debtor, Samuel Perrin, Langford, who was the surety in the original bond, was relieved of his responsibility. Clerk v. Withers, 1 Salk. 322. Cooper v. Chitty, 1 Burr. 34. cited by Roane, J. in Lusk v. Ramsay, 3 Munf. 441. Had the property been permitted to remain in the hands of the officer and at his risk, Langford would have been discharged of the debt by the proceeds of sale, unless they fell short of ^tbe demand. Others, however, intromitted: they became Sureties,—not for the original debt, but for the return of the property upon the day of sale,—and thus, were instrumen *557 tal in withdrawing the property from the officer’s control, and replacing it in the hands of the debtor, upon his engagement to deliver it up for sale. He has failed in his engagement; he has forfeited his bond : who ought to be responsible ? Not Langford, who had been absolved by the levy, but the sureties in the forthcoming bond, who by their inter-Terence have given a new credit to Samuel Perrin, and have enabled him to get back, and to eloign the property which, but for their interference, would have paid the debt. If, indeed, the case of Lusk v. Ramsay, 3 Munf. 417. is to be considered as the law of the court, then the case is still stronger; for, according to that authority, it was within the power, as it certainly was the engagement, of the sureties in the forthcoming bond to return the property. Had they performed their engagement, Langford would have been discharged by a sale of the debtor’s effects; and, surely, they cannot expect to charge him again, by their failure to perform. They cannot be in a better, nor place him in a worse, condition, by their own wrong. The truth is, that had Lang~ ford paid the debt, he would, on principle and authority, have had a right to compel the sureties in the delivery bond to indemnify him, since by their confidence in the debtor, and by their interference, they had prevented the payment by the principal. He would have had a right to an assign-. ment of the forthcoming bond, upon the authority of the case of Parsons v. Briddock, 2 Vern. 608. approved by the master of the rolls in Wright v. Morley, 11 Ves. 22. In that case, the court directed the bail bond of the principal debtor to be assigned over to his surety in the original bond; considering the bail, by his introvention, “as coming in the room of the principal debtor as to the surety.” Nothing certainly can be more reasonable ; whereas nothing could be more unjust, than to give recourse against the surety, to those who have been the means of withdrawing the funds of the principal appropriated to his indemnity, and adequate to his exoneration but for their interference. The judgment of the circuit court is to be reversed, and a judgment entered, that the plaintiff take nothing by his motion.
*558 II. Perrins v. Ragland. The judgment in this case, has been rendered upon the idea, that Park and Henry Perrin, though but sureties in the original bond for Samuel Perrin, were, quoad Ragland, a principal debtor, and liable for the whole demand. It can be sustained on no other principle; and the question truly is, whether in this case Ragland is to be considered as a surety for Park and Henry Perrin, or as a co-surety with them.
We have recently had occasion to examine this doctrine of contribution, and suretyship,' with some attention. Baxter v. Moore, ante 219. and have followed with entire satisfaction, the principles laid down in Craythorne v. Swinburne, 14 Ves. 159. We are satisfied, that if the relation of surety for the debtor is formed, the sureties shall be entitled to relief, whether they are bound by the same or by several instruments, provided always it is for payment of the same •debt or the performance of the same duty. And, in like manner, we readily admit, that the surety for a principal debtor, may stand in the relation of principal to a supplemental surety, where that was the obvious meaning of the undertaking.
Here, however, the forthcoming bond is a distinct and independent engagement; not constituting part of, or being a supplement to, the original bond or contract, but binding the parties to the performance of a different act, who accordingly engage with each other upon new and different terms. The original bond was for the payment of money: the sureties to that bond engaged to see that money paid. The forthcoming bond is for the delivery of property; of the property too of one of the parties to the judgment, in suspension, and eventually in entire discharge, of the demand against the others. The sureties in the forthcoming bond engage for the delivery of the property. Those who are parties to it alone are liable for the failure, to the creditor, or to each other. And hence, we have decided in Langford v. Perrin, that as Langford did not execute the forthcoming bond, he was not chargeable at all, though the original judgment was for a debt for which he also was bound. If this decision be *559 right, then there was not, the privity of surety and principal between Ragland and Langford^ notwithstanding Lang-ford was a party to the first contract. Nay more, we have held, that though Henry Perrin and Langford were co-sureties to the original bond, yet Henry Perrin having assnmed the character of surety in the forthcoming bond, even he could not have contribution against Langford, because Langford did not join in it. In truth, Park and Henry Perrin and Ragland are ail chargeable for the breach of the forthcoming bond, not for the non-payment of the original debt; for that had, in effect, been discharged by a sufficient levy. If so, it was clear that Langford was not chargeable for the breach of a contract to which he was no party.
It is said, however, that Henry and Park Perrin were principals and not sureties in the forthcoming bond. I do not think so. We have just seen, that had they refused to join in it, they would have been altogether absolved. They would in that event have been held to be neither principáis nor sureties. If so, their obligation arises solely from their joining in the forthcoming bond, and it can neither be modified nor enlarged, by the fact that they were parties to the original judgment. The debt for which they were sureties had been, in effect, satisfied by a levy on sufficient property. That property the principal debtor desired to retain, and gave the bond to restore it. The contract was a precise engagement that he would do so. Who was the principal in that contract ? He whose property was taken and restored; he who under the law demanded its restoration on giving security; he who engaged to deliver it at the place of sale. And who were the sureties? Those, and all those, who signed the forthcoming bond, and undertook for the owner of the property, that he should produce it at the day of sale. They undertook as sureties; they are called sureties in the forthcoming bond, and they were, I think, properly so called. Whether the sheriff would have been excused, if he had taken no other sureties, is not necessary to be decided. It is sufficient, that but for their uniting in this bond Henry *560 and Park Perrin would not have been liable at all. By joining in it, they are, therefore, only bound as far as that bond binds them; that is, as far as any other person would be bound, and as far as Ragland bound himself. They were therefore co-sureties with him, and the judgment should have been accordingly.
This judgment, then, is erroneous in this, that the appellants were only liable to Ragland in the character of sureties, and ought not to have been considered principals, without evidence, that Ragland had, at their instance, become surety in the forthcoming bond, and so was surety for them, instead of co-surety with them. Therefore, judgment reversed, and cause remanded &c.